UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGINA SCOTT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:   2:15-cv-00552-RDP |
| } | |
| **STATE OF ALABAMA DEPARTMENT** } | |
| **OF HUMAN RESOURCES, et al.** } | |
| } | |
| **Defendants.** } | |

**MEMORANDUM OPINION**

This matter is before the court on (1) Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 23), and (2) Defendants' Motion to Stay Discovery and Extend Discovery Deadlines (Doc. # 28).

**I.   Introduction**

As to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, the court previously ordered Plaintiff to amend her Complaint to remedy the shotgun nature of the original Complaint. Plaintiff filed a Second Amended Complaint in response to Defendant's Motion to Dismiss her First Amended Complaint. (Docs. # 9, 19). Nevertheless, Plaintiff's Second Amended Complaint continues to suffer from many of the same deficiencies which affected her first two Complaints. The court is cognizant that Plaintiff may not want to specify her claims so concretely that she precludes other claims that may reveal themselves during discovery. But Plaintiff's almost complete failure to identify either the nature or the dates of many events on which her Second Amended Complaint is based is also perplexing, particularly given the explicit

nature of the court's instructions on how to properly plead her claims and her attempt to overreach in her third attempt at drafting a valid Complaint.

**II.     Discussion**

After careful review, the court concludes that, for the following reasons, Defendants' motion to dismiss is due to be granted in part and denied in part.

### 1. Counts One, Three, Four, Five, and Six – Title VII, Sections 1981 and 1983, Fourteenth Amendment and Section 1983

Plaintiff's First Claim purports to assert a disparate treatment claim under Title VII (based on race and sex) and Section 1981 (based on race).   Her Third Claim purports to assert a retaliation claim, but she does not specify the legal ground for that claim.   Her Fourth Claim purports to assert a hostile work environment claim, but, again, she does not specify the legal ground for that claim.

Plaintiff's Fifth Claim purports to assert a claim, under 42 U.S.C. § 1983, for race discrimination in violation of 42 U.S.C. § 1981.   Where a plaintiff seeks vindication of rights secured by Section 1981 against a state actor, Section 1983 provides the exclusive remedy for obtaining that relief. *Butts v. Cnty. of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989)).

Plaintiff's Sixth Claim asserts a claim of race discrimination against Defendants based on the Equal Protection Clause. The Fourteenth Amendment's Equal Protection Clause prohibits intentional race discrimination in public employment. *Bush v. Houston Cty. Comm'n*, 414 Fed.App'x 264, 266 (11th Cir. 2011) (citing *Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1269 (11th Cir. 2003); *Cross v. State of Alabama, State Dep't of Mental Health & Mental*

*Retardation*, 49 F.3d 1490, 1507 (11th Cir. 1995)). Section 1983 provides a cause of action for a Fourteenth Amendment violation. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (noting Section 1983 provides method for vindicating infringement of constitutional right).[1]

### A.   Plaintiff's Title VII Claims Against Individual Capacity Defendants

Plaintiff's Title VII claim may proceed, except against the individual Defendants.  As to the individual Defendants in their individual capacities, "'[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the [Civil Rights Act of 1964].'" *Hinson v. Clinch County, Georgia Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)). *See also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). "Individual capacity suits under Title VII are [ ] inappropriate." *Busby*, 931 F.2d at 772.

### B.   Plaintiff's Title VII Claims Against the DHR Defendants

With respect to her claims against Alabama DHR and Jefferson County DHR, both the Eleventh Circuit and Supreme Court have held that Congress abrogated Eleventh Amendment immunity from Title VII suits, thus allowing state officials in their official capacity to be sued for money damages for violating Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *In re Emp't Discrimination Litigation against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999 (citing *Fitzpatrick* and holding, "Given this clear precedential guidance, we have no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the states' Eleventh

---

[1] The court is not clear whether Defendants have asserted qualified immunity as a defense to Plaintiff's Section 1983 claim asserted in Count Six.  If they intend to assert that defense, they should do so promptly.

Amendment immunity when it amended Title VII to cover state and local governments").[2]

### C. Plaintiff's Title VII Claims Against Official Capacity Defendants are Duplicative

As to the individual Defendants in their official capacities, those Title VII claims are due to be dismissed as duplicative of Plaintiff's claims against Alabama DHR and Jefferson County DHR. Official capacity claims against individual defendants are unnecessary when their employer is a named defendant. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ."); *Snow ex rel. Snow v. City of Citronelle, Ala*., 420 F.3d 1262, 1270 (11th Cir. 2005) (summary judgment on official capacity claims against police officers proper when their employer was a defendant).

### D. Plaintiff's Section 1983 Claims Against the Entity Defendants and the Individual Defendants in Their Official Capacities are Barred by the Eleventh Amendment

As to Plaintiff's First, Fifth, and Sixth Claims brought under Section 1983, however, the DHR Defendants and the individual Defendants sued in their official capacities are entitled to Eleventh Amendment immunity for these claims because the State of Alabama has not waived its Eleventh Amendment immunity for Section 1981 and Section 1983 claims, and Congress has not abrogated the immunity with regard to suits for monetary damages by private individuals pursuant to Section 1981 and Section 1983. *See Rizo v. Ala. Dept. of Human Resources*, 228 Fed.App'x. 832, 834-35 (11th Cir. 2007) (affirming dismissal of Alabama Department of Human

---

[2] Of course, "a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." *H & R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (internal citation omitted).  Plaintiff filed her EEOC Charge on February 19, 2014.  (Doc. #19 at 2).  Thus, it appears that any Title VII claim regarding any discrete employment action occurring before August 2013 is time-barred.

Resources on grounds of Eleventh Amendment immunity); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.1986) (citing *Quern v. Jordan*, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits."); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A 1981) (holding that section 1981 contains no congressional abrogation of the state's Eleventh Amendment immunity and thus Eleventh Amendment barred section 1981 claim against the state); *Kid's Care, Inc. v. State of Ala. Dep't of Human Res.*, 2001 WL 35827965, at *1 (M.D. Ala. 2001) (finding that the Eleventh Amendment "bars all claims against [Alabama DHR] in federal court").

Plaintiff has also sued a number of individual Defendants for damages in their official capacities. (Doc. # 19). "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Thus, the individual Defendants -- including county DHR employees because county DHRs are "arms of the State" -- are entitled to immunity with regard to any claims for damages against them in their official capacities.

### E.  The Individual Defendants Sued in Their Official Capacities Are Not Persons Within the Meaning of Section 1983

Similarly, the individual Defendants in their official capacities are not "persons" for purposes of Section 1983 monetary relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

### 2. Count Two – ADEA

Plaintiff's Second Claim asserts a claim under the Age Discrimination in Employment Act. States, and state agencies, are entitled to Eleventh Amendment immunity from claims under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 93 (2000). Therefore, the Defendants are immune from Plaintiff's ADEA claim. To the extent Plaintiff seeks to hold the individual defendants liable under the ADEA, such a claim also fails as a matter of law. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (holding that individual defendants are not amenable to private suit for violating the ADEA).

### 3. Count Three – Reprisal for Protected Conduct

Plaintiff's Third Claim states that is based on reprisals for engaging in protected activities. It does not specify under which statutes (or other law) it is brought, but for the reasons stated above, any claims of retaliation under Section 1981, 1983, or the ADEA are due to be dismissed.

### 4. Count Four – Hostile Environment

Plaintiff's Fourth Claim asserts a hostile environment claim. Like Plaintiff's Third Claim, Plaintiff has not specified under which statutes it is brought. Again, for the reasons stated above, any hostile environment claims under Section 1981, 1983, or the ADEA are due to be dismissed.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 23) is due to be granted in part and denied in part. Plaintiff may proceed on

her First, Third and Fourth Claims asserting Title VII violations (to the extent they are based on timely events) and her Sixth Claim under the Equal Protection Clause against Alabama DHR and Jefferson County DHR.   All other claims are due to be dismissed with prejudice.   Plaintiff will be required to amend her complaint to remove all shotgun elements and more properly state the remaining claims.

    A separate order will be entered.

    **DONE** and **ORDERED** this April 19, 2016.

                                            _____
                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE